

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2002

# USA v. Saunders

Precedential or Non-Precedential:

Docket 1-2058

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Saunders" (2002). *2002 Decisions.* Paper 30.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/30

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2058
_____

UNITED STATES OF AMERICA

v.

ERIC SPENCER SAUNDERS, a/k/a ERIC K. SPENCER

Eric Spencer Saunders,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania

District Court Judge: The Honorable James F. McClure, Jr.
(D.C. Criminal No. 00-cr-00072)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 8, 2002

Before: MANSMANN, RENDELL, and FUENTES, Circuit Judges

(Opinion Filed: January 22, 2002)
_____

MEMORANDUM OPINION
_____

FUENTES, Circuit Judge:

Following a bench trial, Defendant Eric Spencer Saunders was convicted on April 23, 2001 on one count of conspiracy to distribute and possession with intent to distribute cocaine base, in violation of 21 U.S.C. 846 and 841(b)(1)(A)(iii), and one count of possession with intent to distribute cocaine base and aiding and abetting, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. 2. Saunders was sentenced to ten years imprisonment. He appeals, challenging the District Court's refusal to rely on an unpublished Pennsylvania Superior Court memorandum opinion in ruling on Saunders's motion to suppress. Because we conclude that reliance on the unpublished opinion would be improper for all the reasons stated by the District Court, we affirm.

I

Saunders's arrest arose from a traffic stop by Pennsylvania State Police Trooper Terrance Jankouskas. Saunders moved to suppress the evidence seized from that stop, and Jankouskas testified at the suppression hearing. In a post-hearing brief, Saunders challenged Jankouskas's credibility, and presented to the court two unpublished Pennsylvania Superior Court memorandum opinions. In one of those cases, Commonwealth v. Brown, 01487 Philadelphia 1996, at 5 n.4, cited as Commonwealth v. Parker, 707 A.2d 551 (table) (Pa.Super.Ct.1997), Jankouskas signed the complaint and presumably was the arresting officer in an arrest arising from a vehicle stop. The Pennsylvania Superior Court noted in a footnote that the trial court judge in Brown "had credibility concerns with the testimony of the arresting officer" because the judge found that "it was clearly the intention of the officer to induce a search." Id.

The District Court denied the suppression motion. United States v. Griggs, 114 F.Supp.2d 334 (M.D.Pa. 2000). It stated that it would not consider the concerns raised in Brown because it is improper to cite to unpublished opinions and any credibility concerns in Brown had nothing to do with Saunders's case. Id. at 351. It also held that Brown is of questionable relevance because evidence of subjective intent may not be considered for suppression purposes. The court observed that impeachment of Jankouskas with the statement in Brown was barred by the Federal Rules of Evidence because the

impeachment material was not presented at the suppression hearing and subjected to cross-examination.  Id.  It concluded that Brown "is [not] of any practical use for present purposes and will not rely on [it] for any purpose."  Id. at 352.

We have jurisdiction over his appeal under 28 U.S.C.  1291.  Saunders's counsel only appeals the refusal of the District Court to consider Brown in his suppression decision.

                                    II

"We review a district court's decision to admit or exclude evidence for abuse of discretion."  United States v. Mathis, 264 F.3d 321, 326-27 (3d Cir. 2001).  To the extent that the court's rulings "were based on an interpretation of the Federal Rules of Evidence, however, our review is plenary."  United States v. Serafini, 233 F.3d 758, 768 n.14 (3d Cir. 2000).

Saunders argues that although the District Court claimed that it is improper to cite to unpublished opinions, the court could have relied on Brown because Saunders sought to use it for reasons unrelated to its precedential value.  Yet as the District Court held, the Pennsylvania Superior Court expressly bars usage of such opinions except under limited circumstances not present here.  As stated in every table reporting such opinions in the Atlantic Reporter, including Brown itself:

> An unpublished memorandum decision shall not be relied upon or cited by
> a Court or party in any other action or proceeding, except that such a
> memorandum decision may be relied upon or cited (1) when it is relevant
> under the doctrine of law of the case, res judicata, or collateral estoppel, and
> (2) when the memorandum is relevant to a criminal action or proceeding
> because it recites issues raised and reasons for a decision affecting the same
> defendant in a prior action or proceeding.

See, e.g., Commonwealth v. Parker, 707 A.2d 551 (Pa.Super.Ct. 1997) (table) (citing Pa. Super. Ct. R. 65.37) .  The District Court did not err in failing to rely on this unpublished opinion.

Further, the Pennsylvania Superior Court's offhand statement in a footnote to an unpublished opinion in an unrelated case simply has no bearing on credibility or any other

suppression issue in this case, and is inadmissible in any event.  The District Court observed that because Saunders did not present Brown at the suppression hearing and Jankouskas was not cross-examined about it, under Federal Rule of Evidence 608(b) it was improper for it to be used to impeach him.  We find no error in this conclusion. Saunders argues that the court had authority to "waive strict application" of Rule 608(b) because this dispute arose in a suppression context, not at trial.  Even if true, however, the court did not abuse its discretion by applying the rule nonetheless.

We find Saunders's additional arguments contesting the District Court's treatment of Brown to lack merit.  The District Court did not abuse its discretion in deciding not to rely on Brown, and did not err in its legal interpretation of the Federal Rules of Evidence. We therefore affirm the judgment of the District Court.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


                              /s/Julio M. Fuentes
                              Circuit Judge